UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JASON ALTHEIDE,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>JAMES DZURENDA, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:18-cv-00408-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

*Pro se* Plaintiff Jason Altheide, currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"), filed a third amended complaint against Defendants William Moore, William Reubart, John Schmidt, William Gittere, George Davis, Dennis Homan, and Harold Wickham (collectively, "Defendants")[1] under 42 U.S.C. § 1983. (ECF No. 15.) Before the Court is the Report and Recommendation (ECF No. 116 ("R&R")) of United States Magistrate Judge Carla L. Baldwin relating primarily to the parties' dispositive motions, and Plaintiff's motion for a preliminary injunction (ECF No. 123). The R&R recommends the Court grant Defendants' and deny Plaintiff's motions for summary judgment (ECF Nos. 78, 93). The R&R further recommends that Plaintiff's motion to exclude video (ECF No. 92), motion to dismiss Defendants' summary judgment motion (ECF No. 99), motion for an order to produce (ECF No. 105), and three motions of notice (ECF Nos. 110, 111, 115), be denied as moot.

Plaintiff timely filed an objection to the R&R. (ECF No. 117 ("Objection").[2]) As further explained below, Plaintiff's Objection generally repeats arguments put forth in

---

[1] Defendant James Dzurenda was dismissed from this action on July 5, 2019. (ECF No. 18.)

[2] The Court has additionally reviewed the corresponding response and reply. (ECF Nos. 119, 120.)

Plaintiff's motion for summary judgment (ECF No. 78). The Court will therefore overrule the Objection because the Court agrees with Judge Baldwin's recommendations. Accordingly, Plaintiff's motion for a preliminary injunction is denied as moot.

## II. BACKGROUND

The Court incorporates by reference Judge Baldwin's recitation of factual background and procedural history provided in the R&R, which the Court adopts here. (ECF No. 116 at 2-4.)

## III. LEGAL STANDARDS

### A. Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus *de novo* because Plaintiff filed his Objection (ECF No. 117).

### B. Summary Judgment

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to

resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation omitted).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient[.]" *Anderson*, 477 U.S. at 252.

**IV.   DISCUSSION**

Following a *de novo* review of the R&R, relevant briefs, and other records in this case, the Court finds good cause to accept and adopt Judge Baldwin's R&R in full. Plaintiff's Objection merely raises the same arguments and does not offer evidentiary support. Nevertheless, the Court will address below three main arguments raised in Plaintiff's Objection.[3]

**A.   Administrative Segregation Due Process**

Judge Baldwin recommends that Defendants be granted summary judgment on Plaintiff's Count I claim against Defendants Moore and Reubart. (ECF No. 116 at 18-19.)

---

[3]The Court declines to address Plaintiff's remaining objections as further discussion is unnecessary and unwarranted.

3

She found that Defendants did not deny Plaintiff due process with respect to Plaintiff's claim that he was housed in administrative segregation without a proper hearing. (*Id.* at 19.) Judge Baldwin found that the undisputed evidence showed Plaintiff received multiple due process hearings, and in fact, Plaintiff was not housed in a segregation unit in December 2017. (*Id.* (citing ECF Nos. 93-3;104 at 5.)) Plaintiff's Objection is not always entirely clear, but it appears that Plaintiff counters by repeating his argument that he was denied a due process hearing for his December 2017 transfer and placement into administrative segregation. (ECF No. 117 at 7, 8, 9.) But regardless of whether Plaintiff was housed in a segregated unit in December 2017 and contrary to Plaintiff's assertion, the undisputed evidence shows Plaintiff received multiple hearings and was afforded due process. (*See* 95-1 at 8 (sealed).) The Court thus agrees with Judge Baldwin that Defendants are entitled to summary judgment on Count I.

### B. Property Deprivation Due Process

Judge Baldwin recommends that Defendants be granted summary judgment on Plaintiff's Count II claim against Defendants Reubart and Schmidt. (ECF No. 116 at 19-20.) She agreed with Defendants' argument that Plaintiff had not been denied due process as Plaintiff had failed to exhaust his administrative remedies regarding his sweatpants, and that evidence in the record showed—contrary to Plaintiff's allegation—Plaintiff had indeed received his sweatpants. (*Id.* at 19.) Plaintiff objects and states that a "signed 'returned property' receipt was not inventory sheet which contained sweat pants [*sic*] there was a separate inventory sheet which contained 'sweat pants' [*sic*] and there is/was no return of property signature on that receipt also grievance was exhausted at time Reubart terminated process." (ECF No. 117 at 2.) Plaintiff states further that "[s]ignature acknowledges taking of sweat pants [*sic*] but return signature is nowhere in evidence" and that Plaintiff's "attempts of grievance remedy was futile as Reubart terminated grievance thereby exhausting process." (*Id.* at 3.) The Court does not find Plaintiff's argument convincing and agrees with Judge Baldwin's finding.

///

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Plaintiff is required to "exhaust all available remedies" before filing a suit. *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006) (quotes omitted.) However, Plaintiff failed to exhaust the administrative remedies found in AR 740. While Plaintiff filed grievances related to his sweatpants (*see* ECF No. 93-9), those grievances never advanced to the second level because Plaintiff chose not to cure the defects in his grievances. (*See id. See also* ECF No. 93-12.) Moreover, evidence in the record also shows Plaintiff signed and affirmed he had received his sweatpants. (*See* ECF No. 93-8 at 2-3.) Plaintiff signed "inmate inventory transfer" forms on July 21, 2018, acknowledging that property, including the sweatpants, was received by Plaintiff. (*Id.*) The Court therefore finds Plaintiff failed to exhaust his administrative remedies. Moreover, Plaintiff acknowledged receipt of the sweatpants and thus cannot show that he was deprived of his property. Defendants are thus entitled to summary judgment on Count II.

### C. Cruel and Unusual Punishment

Judge Baldwin recommends that Defendants be granted summary judgment on Plaintiff's Count VIII claim that Defendant Reubart subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment. (ECF No. 116 at 23.) She reasoned that Plaintiff has failed to produce any evidence to show Plaintiff was housed in administrative segregation before April 2019. (*Id.*) Moreover, Plaintiff had also failed to show Reubert acted with "deliberate indifference" to the terms of Plaintiff's confinement. (*Id.*) Plaintiff's Objection merely repeats his allegations that Defendants chose to subject him "to such harsh restrictive conditions" with disregard for his mental illness. (ECF No. 117 at 6.) Despite what Plaintiff may feel in this instance, the Court agrees with Judge Baldwin that Defendants are entitled to summary judgment on Plaintiff's Count VIII claim.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he or she acts with "deliberate indifference" to the serious medical

5

needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted).

Here, Plaintiff fails to offer evidence that Reubert purposefully acted or failed to respond to the terms of Plaintiff's confinement in light of Plaintiff's mental illness. As Judge Baldwin correctly observed, even if the Court were to assume Plaintiff was housed in administrative segregation in December 2017 and the terms of his confinement were unconstitutional, Plaintiff would still fail to meet the subjective standard of the Eighth Amendment showing Reubert acted with deliberate indifference. The Court agrees and thus finds Defendants are entitled to summary judgment on Count VIII.

## V.     CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 116) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 93) is granted.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 78) is denied.

It is further ordered that Plaintiff's motion to exclude video (ECF No. 92) is denied as moot.

It is further ordered that Plaintiff's motion to dismiss (ECF No. 99) Defendants' motion for summary judgment is denied as moot.

It is further ordered that Plaintiff's motion for an order to produce (ECF No. 105) is denied as moot.

It is further ordered that Plaintiff's three motions of notice (ECF Nos. 110, 111, 115) are denied as moot.

It is further ordered that Plaintiff's motion for a preliminary injunction (ECF No. 123) is denied as moot.

It is further ordered that Plaintiff's motion for an electronic service of ECF No. 20 (ECF No. 127) is granted to the extent that Plaintiff asks for a copy of ECF No. 20. The Clerk of Court is directed to send Plaintiff a copy of ECF No. 20.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

DATED THIS 26th Day of January 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE